UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE and JANE DOE'S FATHER,

      Plaintiffs,

v.                                                                    Case No:   6:18-cv-1114-Orl-41TBS

THE SCHOOL BOARD OF BREVARD
COUNTY and ANDREW BAYARD,

      Defendants.

_____

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiffs' Motion for Approval of Minor's Settlement (Doc. 23). On March 28, 2019, I heard oral argument on the motion and now respectfully recommend that it be **GRANTED**.

### Background

During the 2013-2014 school year, Jane Doe was a 12-year old student at Suntree Elementary, a school within the jurisdiction of Defendant, The School Board of Brevard County (Doc. 2, ¶ 2). Plaintiffs[1] allege that Jane Doe's sixth-grade teacher, Defendant Andrew Bayard, maintained an inappropriate relationship with her through private meetings and gifts, and sexually molested her at least twice at his home. (Id., ¶¶ 34-43). It is also alleged that Bayard communicated with Jane Doe through text messages, "including photos and videos of himself, some of his penis, and requesting [Plaintiff] to send him photos and videos of her, sometimes nude, including her private parts," and she complied (Id., ¶ 42). According to Plaintiffs, the administration at Suntree Elementary

_____

[1] According to the attorneys, Jane Doe's mother is deceased.

knew Bayard had behaved inappropriately towards other female students (Id., ¶¶ 23-24, 28).

In the summer of June 2014, Plaintiffs moved from Brevard County, Florida to Michigan (Id., ¶ 44). Bayard continued to text Jane Doe throughout that next year (Id., ¶ 45). The following summer, Jane Doe informed her father that she had had "a bad experience" (Id., ¶ 46). Her father reported the matter to law enforcement in Florida and Michigan (Id., ¶¶ 47-49). Bayard was arrested in August 2015 and two years later, he was convicted of sexually assaulting Plaintiff and another student (Id., ¶ 50). Bayard is currently serving an 8 year sentence in the Florida Department of Corrections for sexual battery on a victim age 12-15.[2]

Plaintiffs filed this case in the state court, alleging violations of Title IX, 20 U.S.C. §§ 1681, et seq., and claiming sexual assault, assault, battery, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent supervision and negligent retention (Id.). The case was removed to this Court on July 12, 2018 (Doc. 1).

The parties have negotiated a compromise and settlement in which the School Board will pay Plaintiffs $25,000 to be disbursed as follows: $17,435.22 to Plaintiffs; $6,250 in fees to Plaintiffs' attorney; and $1,314.78 for the reimbursement of costs expended (Doc. 23 at 4).[3]  In return the School Board is receiving a full release. Bayard, who is believed to be indigent, is not paying anything and is not being released by Plaintiffs.

Counsel for Plaintiffs advises that Jane Doe is now a full-time student in Michigan, getting good grades, and receiving counseling, most of which is at no charge to her

---

[2] See
http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=E59079&TypeSearch=AI

[3]  The parties agree that the amount of costs stated in the motion ($1,214.78) is off by $100. This Report and Recommendation uses the corrected amount ($1,314.78).

family.

## Discussion

"Under Florida Law, the settlement of a claim on a minor's behalf becomes effective only when certain procedures are followed. Where, as here, the settlement was reached after the start of litigation, any settlement on behalf of a minor requires the approval of the court 'having jurisdiction of the action.'" Meyers v. U.S., No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *2 (M.D. Fla. Sept. 29, 2014) (citing FLA. STAT. § 744.387(3)(a)). The Court may authorize the natural guardians "to collect the amount of the settlement or judgment and to execute a release or satisfaction.'" A.G.R. by and Through Rios v. United States, No. 218CV342FTM38MRM, 2019 WL 454449, at *2 (M.D. Fla. Jan. 31, 2019) (citing FLA. STAT. § 744.387(b)), report and recommendation adopted, No. 218CV342FTM38MRM, 2019 WL 447868 (M.D. Fla. Feb. 5, 2019). A guardian ad litem may be appointed to represent a minor's interest before approving a settlement that is valued at more than $15,000, if the Court deems such appointment necessary. See FLA. STAT. § 744.3025(1)(a). A guardian ad litem must be appointed to represent a minor's interest before approving a settlement of the minor's claim in a case in which the gross settlement equals or exceeds $50,000.00." FLA. STAT. § 744.3025(1)(b).

The Court's obligation is to determine "whether the settlement is in the best interests of the minor and protects the minor." A.G.R., 2019 WL 454449, at *2 (citing Bullard v. Sharp, 407 So. 2d 1023, 1024 (Fla. 4th Dist. Ct. App. 1981); Nixon v. Bryson, 488 So. 2d 607, 609 (Fla. 3d Dist. Ct. App. 1986)). The Court must consider whether "the settlement is fair, adequate and reasonable and is not the product of collusion of the parties." Id. (quoting Meyers, 2014 WL 5038585, at *4).

Experience and common sense teach that the settlement value of this case, based upon the facts summarized above, is significantly greater than $25,000. However, the

parties agree that Bayard assaulted Jane Doe after the end of the school year and after his contract of employment by the School Board had expired. According to the parties, under Florida law, these additional facts exculpate the School Board and it would likely prevail on a motion for summary judgment. This explains why Plaintiffs have agreed to accept the School Board's offer of $25,000. According to his firm's website, the lawyer representing Plaintiffs has been practicing law since 1988, he is AV Rated, and has been recognized as a Georgia Super Lawyer.[4] And, nothing that has been presented suggests fraud or collusion on the part of the settling parties. After due consideration, I conclude that a guardian ad litem is not required and that, in light of the applicable Florida law, this settlement is fair, reasonable, and in the best interests of Jane Doe.

## Recommendation

Now, I **RESPECTFULLY RECOMMEND** that the district judge,

(1) **GRANT** the motion and find that the settlement between Plaintiffs and the School Board is fair, reasonable and in Jane Doe's best interests.

(2) **APPOINT** Jane Doe's father as her guardian to execute the release of the School Board and any other necessary settlement documents on behalf of his daughter.

(3) **DIRECT** Plaintiffs to advise the Court within 14 days of their intent to continue the prosecution of their claims against Bayard.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and

---

[4] See https://www.terrellhogan.com/attorneys/bruce-maxwell/

Recommendation. <u>See</u> 11th Cir. R. 3-1. If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.

     **RECOMMENDED** in Orlando, Florida on April 1, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

     Presiding United States District Judge
     Counsel of Record
     Any Unrepresented Parties